# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ZURAB PAPOSHVILI,

       Petitioner,

    v.                                                                 Case No. 2:26-cv-00961-KWR-GJF

MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*,
DORA CASTRO, *Warden of the Otero County Processing Center*,
MARY DE ANDA-YBARRA, *ICE Field Office Director, El Paso Field Office*,
TODD M. LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*, and
TODD BLANCHE, *Acting Attorney General of the United States*,

       Respondents.

## ORDER PROVIDING PETITIONER NOTICE AND OPPORTUNITY TO RESPOND

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1),  Motion for Temporary Restraining Order (Doc. 3), and Respondents' Motion to Dismiss (Doc. 13). Having reviewed the parties' motions, exhibits, and the relevant law, the Court finds that Petitioner is entitled to notice and an opportunity to respond as to why one of his due process claims does not constitute an abuse of the writ.

## BACKGROUND

On February 11, 2026, Petitioner Zurab Paposhvili filed his first petition for a writ of habeas corpus and motion for temporary restraining order. Petition, *Paposhvili v. Noem*, No. 2:26-cv-00352-KWR-SCY, 2026 WL 700054, at *1 (D.N.M. Mar. 12, 2026); Motion for TRO, *Paposhvili*, 2026 WL 700054, at *1. The Court granted Petitioner's first petition in part and ordered that Respondents provide him with an individualized bond hearing. *Paposhvili*, 2026 WL 700054, at *8. The Court entered a final judgment as to Petitioner's first petition. Judgment,

*Paposhvili*, 2026 WL 700054, at *8. Petitioner was subsequently denied bond and filed this Petition which is presently before the Court. Doc. 1 at 5 (Second Petition).  On May 8, 2026, Respondents filed their Motion to Dismiss (Doc. 13).

## LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A challenge to immigration detention is "properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## DISCUSSION

Petitioner claims that his detention and bond hearing violate due process. Doc. 1 at 5, 11. Respondents contend that 28 U.S.C. § 2244(b) precludes Petitioner's Petition, and 8 U.S.C. § 1226(e) bars the Court from reviewing discretionary judgments concerning the application of § 1226. Doc. 13 at 3, 5. Given that one of Petitioner's due process claims could have been brought in his first petition, the Court gives Petitioner notice and an opportunity to demonstrate why that claim should not be considered an abuse of the writ.

I.   **28 U.S.C. § 2244(b) does not bar Petitioner's second habeas petition.**

Respondents contend that this Petition is precluded by § 2244(b). *Id.* at 3. This argument fails for two reasons. Petitioner filed his petition under § 2241, not § 2254, and Petitioner is not in custody pursuant to a judgment of any court. *See* Doc. 1 at 1.

28 U.S.C. § 2244(b)(1) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Generally, the second or successive habeas corpus application under § 2254 must be dismissed unless it falls under one of the several exceptions provided for under § 2244(b)(2). Such exceptions include an applicant that demonstrates that (1) the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," § 2244(b)(2)(A), or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the underlying facts, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," § 2244(b)(2)(B)(i)–(ii).

Respondents claim that, unless an exception applies, "28 U.S.C. § 2244(b) states that 'a claim presented in a second or successive habeas corpus application . . . shall be dismissed.'" Doc. 13 at 3. Although the statute contains those words, the portion that Respondents omit expressly cabins § 2244(b)(1) and (b)(2) to a claim presented in a second or successive habeas corpus application "*under section 2254* that was not presented in a prior application." § 2244(b)(2) (emphasis added); *see also Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010) ("Both subsections concern only 'habeas corpus application[s] under section 2254.'" (citing § 2244(b)(1), (2))). Petitioner brought this Petition under § 2241, not § 2254. Doc. 1 at 2. Section 2254(a) requires federal courts to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." If Petitioner had filed his petition under § 2254, his filing would have been improper given that he is not "a person in custody

3

pursuant to the judgment of a State court." § 2254(a); *see also Ward v. Oklahoma*, 376 F.2d 847, 847–48 (10th Cir. 1967) (per curiam) ("Habeas corpus is available only to a prisoner who is in custody pursuant to the court judgment which is challenged by the proceedings." (citing § 2254)). Petitioner expressly brings this Petition pursuant to § 2241. *See* Doc. 1 at 1–3. Therefore, the Court finds that § 2244(b) does not preclude consideration of this Petition.

Further, the Tenth Circuit has recognized that because a noncitizen detainee is "not 'in custody pursuant to a judgment of a court of the United States,' § 2244(a) does not apply to them." *Stanko*, 617 F.3d at 1268. Although Respondents argue that this Petition is precluded by § 2244(b), the Tenth Circuit has indicated that a statutory bar under § 2244(a) or (b) does not preclude a noncitizen detainee from bringing a second or successive habeas petition. *See id.* In *Stanko*, the Tenth Circuit explained that § 2244(a), and thus its bar, applies only to persons in custody "pursuant to a judgment of a court of the United States." *Id.* The court reasoned that because a noncitizen detainee is "not 'in custody pursuant to a judgment of a court of the United States,' § 2244(a) does not apply to them." *Id*. Here, Respondents contend that § 2244(b) precludes this Petition. Doc. 13 at 3. Not only does § 2244(b) state that the petition be brought under § 2254, but even if Petitioner had brought this Petition under § 2254, § 2244(b)'s bar would not apply because Petitioner, a noncitizen detainee, is not "in custody pursuant to a judgment of a State court." *See* § 2254(a). Accordingly, the Court finds that § 2244(b) does not preclude the review of this Petition.

## II.    Petitioner's potential abuse of the writ.

Petitioner argues that his parole was not properly revoked before he was detained, and thus, his detention violates due process. Doc. 1 at 5–10. This argument could have been raised in his first petition. Therefore, the Court directs Petitioner to respond demonstrating why this claim should not be considered an abuse of the writ.

4

Under the common law, the abuse of the writ doctrine provides that "if a second or subsequent petition raises a claim that could have been raised in an earlier petition, the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Stanko*, 617 F.3d at 1271 (citing *McCleskey v. Zant*, 499 U.S. 467, 489 (1991)). In other words, the petitioner must "establish cause for his failure to raise the claim in an earlier proceeding and resulting prejudice . . . or, in the absence of cause, the petitioner must show that 'a fundamental miscarriage of justice would result from a failure to entertain the claim.'" *Id.* (quoting *McCleskey*, 499 U.S. at 493–95). The "Supreme Court concluded that Congress did not intend § 2244 'to change the law as judicially evolved.'" *Id.* (citing *Sanders v. United States*, 373 U.S. 1, 11–12 (1963)). Thus, the abuse of the writ doctrine continues to apply to habeas petitioners that raise new grounds for relief. *Id.* A district court may raise abuse of the write *sua sponte*, so long as the petitioner is given notice and an opportunity to respond. *See id.* at 1271 (citing *Femia v. United States*, 47 F.3d 519, 522–23 (2d Cir. 1995); *United States v. Fallon*, 992 F.2d 212, 213 (8th Cir. 1993); *Andre v. Guste*, 850 F.2d 259, 261–62 (5th Cir. 1988)).

Petitioner's due process claim concerning his detention could have been raised in the first petition. *See* Doc. 1 at 5–10. However, before finding that the abuse of the writ doctrine bars Petitioner's claim, the Court grants Petitioner notice and an opportunity to respond. *See Stanko*, 617 F.3d at 1271 ("The district court here erred by not giving Mr. Stanko notice and an opportunity to respond before dismissing his petition as abusive."). Thus, the Court orders Petitioner to demonstrate why his due process claim should not be dismissed as abusive.

## CONCLUSION

Since § 2244(b) does not bar this Petition, but Petitioner could have raised one of his due process claims in his first petition, the Court gives Petitioner notice and opportunity to demonstrate

why his due process claim is not an abuse of the writ. Petitioner shall file his response addressing

this issue within **seven (7) days** of the entry of this order.

      **IT IS SO ORDERED**.


                                           /S/
                                      KEA W. RIGGS
                                      UNITED STATES DISTRICT JUDGE