## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ZURAB PAPOSHVILI,

      Petitioner,

      v.                                        Case No. 2:26-cv-00961-KWR-GJF

MARKWAYNE MULLIN, *Secretary of the Department of Homeland Security*,
DORA CASTRO, *Warden of the Otero County Processing Center*,
MARY DE ANDA-YBARRA, *ICE Field Office Director, El Paso Field Office*,
TODD M. LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*, and
TODD BLANCHE, *Acting Attorney General of the United States*,

      Respondents.

### <u>ORDER TO PROVIDE SUPPLEMENTAL BRIEFING</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), Motion for Temporary Restraining Order (Doc. 3), Respondents' Motion to Dismiss (Doc. 13), and Petitioner's Motion for Release (Doc. 16). The Court previously provided Petitioner an opportunity and notice to respond as to why this second petition should not be dismissed as abusive. Petitioner contends that he raised his due process claim in the first petition and it was not adjudicated on the merits. Doc. 15 at 2–5. Having reviewed the parties' motions, exhibits, and the relevant law, the Court finds that Petitioner raised the same grounds for his due process claim in his first petition, but the claim was adjudicated on the merits. Given this finding, Petitioner's second due process claim is successive, and the Court need not consider it unless doing so would serve the ends of justice. Petitioner contends that his parole was never "formally terminated," Doc. 15 at 6, and he recently provided relevant documentation indicating that his

conditional parole has not been properly revoked pursuant to 8 U.S.C. § 1226(b), Doc. 16 at 51 (Order of Release on Recognizance).

Accordingly, the Court directs the parties to provide supplemental briefing and documentation as to (1) whether Petitioner's conditional parole has been formally revoked and (2) whether the Court's consideration of Petitioner's due process claim, in light of newly offered evidence, would serve the ends of justice. The parties are directed to provide such briefing and documentation by **June 11, 2026**.

## BACKGROUND

On February 11, 2026, Petitioner Zurab Paposhvili filed his first petition for a writ of habeas corpus and motion for temporary restraining order. Petition, *Paposhvili v. Noem*, No. 2:26-cv-00352-KWR-SCY, 2026 WL 700054, at *1 (D.N.M. Mar. 12, 2026); Motion for TRO, *Paposhvili*, 2026 WL 700054, at *1. The Court granted Petitioner's first petition in part and ordered that Respondents provide him with an individualized bond hearing. *Paposhvili*, 2026 WL 700054, at *8. The Court entered a final judgment as to Petitioner's first petition. Judgment, *Paposhvili*, 2026 WL 700054, at *8. Petitioner was subsequently denied bond and filed this Petition which is presently before the Court. Doc. 1 at 5 (Second Petition). On May 8, 2026, Respondents filed their Motion to Dismiss (Doc. 13).

The Court gave Petitioner notice and an opportunity to respond as to why his due process claim should not be dismissed as an abuse of the writ. Doc. 14 at 5. In response, Petitioner argued that this Petition does not constitute an abuse of the writ. Doc. 15 at 1–2. On May 26, 2026,

Petitioner filed *pro se* an unsolicited Motion for Release in which he attached several exhibits.[1] *See* Doc. 16 at 4–67 (Exhibits).

**LEGAL STANDARD**

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A challenge to immigration detention is "properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

**DISCUSSION**

Petitioner argues that this Petition does not constitute an abuse of the writ for three reasons: (1) he raised the same due process claim in his first petition; (2) the Court did not rule on his due process argument in his first petition; and (3) alternatively, failure to consider the claim would result in a fundamental miscarriage of justice. Doc. 15 at 2–7.

8 U.S.C. § 2244 provides a statutory bar for certain petitions that present a claim previously raised and adjudicated and those that raise a new claim. *See Stanko v. Davis*, 617 F.3d 1262, 1270 (10th Cir. 2010). Given that § 2244 applies to petitioners who are detained "pursuant to a

---

[1] The Court notes that Petitioner filed his Motion for Release *pro se* while he appears to be represented by counsel. There is no right to "a hybrid form of representation," *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995), and courts need not consider *pro se* filings when the individual is represented by counsel, *see United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976) ("[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court."). Given that the Court had not received any documentation in support of either parties' position up until Petitioner's *pro se* filing, the Court will consider his *pro se* filing in this instance, but Petitioner should proceed through counsel moving forward.

judgement of a court" and Petitioner is not detained pursuant to any court judgment, *see* § 2244(a); *see also* 8 U.S.C. § 2254, the Court relies on "the judicially-developed principle that a court could decline to hear a claim that was both raised and adjudicated in an earlier petition," *Stanko*, 617 F.3d at 1270. While § 2244(a) codifies the judicially-developed principles of successive and abusive uses of the writ, "the Supreme Court concluded that Congress did not intend § 2244 'to change the law as judicially evolved.'" *Id.* (citing *Sanders v. United States*, 373 U.S. 1, 11–12 (1963)). Thus, although § 2244 does not apply to Petitioner's situation, the underlying judicially-developed principles do.

The successive-use-of-the-writ doctrine authorizes "a federal court to decline to consider a habeas petition presenting a claim that was previously raised and adjudicated in an earlier habeas proceeding, unless the court determined that hearing the claim would serve the ends of justice." *United States v. Miles*, 923 F.3d 798, 803 (10th Cir. 2019) (quoting *Stanko*, 617 F.3d at 1269). The ends-of-justice exception requires a showing "that the alleged error 'probably has caused the conviction of one innocent of the crime,' thereby 'implicating a fundamental miscarriage of justice.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 494–95 (1991)).

The abuse-of-the-writ doctrine authorizes "a court to decline to hear a second or subsequent habeas petition raising a claim that could have been presented in an earlier petition but was not." *Id.* (quoting *Stanko*, 617 F.3d at 1269). If the new claim was not raised in the earlier petition, "the petitioner must establish that the omission was not the result of inexcusable neglect in order to proceed on the new claim." *Id.* This requires a showing that "some objective factor external to the defense impeded counsel's efforts to raise the claim" or counsel had been "constitutionally ineffective." *Id.* (quoting *McCleskey*, 499 U.S. at 493–94). The bar can also be overcome if the petition comes within the "miscarriage-of-justice exception" by making "a proper showing of

actual innocence." *Id.* at 803–04 (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013)). "A 'proper showing' to overcome either bar requires 'new evidence [that] shows it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 804 (quoting *McQuiggin*, 569 U.S. at 395. "New evidence" is "relevant evidence that was either excluded or unavailable at trial." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

I.    **Petitioner raised the same due process grounds in his first petition.**

Petitioner argues that the "claim in both petitions is identical." Doc. 15 at 4. He claims that both petitions set forth the claim that "Petitioner was detained without lawful revocation of his conditional parole and without the individualized process required by the Due Process Clause." *Id.* The Court finds that the same grounds were raised in support of each due process claim.

When considering whether a writ is successive or abusive, the "grounds" put forth in each petition "may be considered the same even when supported by different legal arguments." *Stanko*, 617 F.3d at 1270 (citing *Sanders*, 373 U.S. at 16). The Supreme Court explained that "ground" refers to " a sufficient legal basis for granting the relief sought." *Sanders*, 373 U.S. at 16. The Court explained that "a claim of involuntary confession predicated on alleged psychological coercion does not raise a different 'ground' than does one predicated on alleged physical coercion." *Id.* The Court noted that "identical grounds may often be proved by different factual allegations. . . . [and] identical grounds may often be supported by different legal arguments." *Id.* However, doubts "in particular cases as to whether two grounds are different or the same . . . should be resolved in favor of the applicant." *Id.*

Petitioner did not raise the argument that his due process rights had been violated because his *ongoing* parole had been improperly revoked prior to his detention, *see* Doc. 1 at 6–10, rather Petitioner originally argued that his due process rights had been violated because he "possessed a

protected liberty interest in his continued release from custody" and "the Government's failure to provide even the most basic procedural safeguards resulted in an unconstitutional deprivation of liberty," Petition 6–8, *Paposhvili*, 2026 WL 700054, at *6. Petitioner argued that the lack of "individualized discretion" and "detention pursuant to a blanket policy—without notice, without an individualized assessment, and without affording Petitioner any opportunity to be heard" were the violations. *Id.* Petitioner did not allege that his conditional parole was ongoing, and he provided no documentation indicating as such. *See id.*

If the Court construes Petitioner's due process claims as constituting the same ground, then this due process claim is successive given that the Court found that Petitioner did not meet his burden demonstrating that his due process claim warranted immediate release rather than a bond hearing. *See Paposhvili*, 2026 WL 700054, at *6. Given that Petitioner notes that he is "presenting a more fully developed legal argument in the second petition," the claim appears to be couched in different language and is certainly supported by new legal arguments. Doc. 15 at 4. Petitioner correctly notes that presenting new legal arguments in support of the same claim does not transform a prior ground into a different ground. *See Stanko*, 617 F.3d at 1270 (citing *Sanders*, 373 U.S. at 16). However, if Petitioner's due process claim is the same, as he contends it is, the claim is successive given that the Court already declined to find that his due process claim warranted release over a bond hearing. *See Paposhvili*, 2026 WL 700054, at *6.

## II.     Petitioner's first due process claim was denied on the merits.

Petitioner claims that his first due process claim was never adjudicated on the merits. Doc. 15 at 5. The Court disagrees.

Adjudicating a claim "on the merits" means the claim "was not dismissed without prejudice; that is, a claim is dismissed 'on the merits' when the ruling—whether it is based on the

substance of the claim or a procedural bar such as a statute of limitations—prohibits the party from bringing the same claim before the same court again." *Hill v. Daniels*, 504 F. App'x 683, 687 (10th Cir. 2012) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 502–03 (2001)).

Petitioner claims that the Court declined to reach the merits of his due process argument and resolved the petition on the statutory issue of whether §§ 1225 or 1226 applied to Petitioner. Doc. 15 at 5. In support of this argument, Petitioner cites pages 3–9 and 12–13 of the Court's order, and he provides the following quote: "The narrow issue of whether Petitioner's detention is governed by § 1225 or § 1226 . . . controls the outcome of this Petition." *Id.*

Notably, Petitioner does not cite pages 10–11 where the Court explains that he, despite his *Mathews* analysis, did not meet his burden demonstrating why he is entitled to a particular remedy. *See Paposhvili*, 2026 WL 700054, at *5–6. In his first case, Petitioner requested immediate release, relief deemed "just and proper" by the Court, and a bond hearing. *See* Petition 10, *Paposhvili*, 2026 WL 700054, at *1; Reply 3, *Paposhvili*, 2026 WL 700054, at *1. The Court found that Petitioner did not meet his burden and "demonstrate why a due process violation requires release over a bond hearing." *Paposhvili*, 2026 WL 700054, at *6. Petitioner analyzed the *Mathews* factors, but he did not sufficiently meet his burden and demonstrate that immediate release was required instead of a bond hearing. *See* Petition 6–8, *Paposhvili*, 2026 WL 700054, at *1; *see Paposhvili*, 2026 WL 700054, at *5 (explaining that Petitioner has the "burden of proof to demonstrate that he is entitled to relief or a remedy"). Petitioner pointed to *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019), for the argument that "blatantly unlawful detention from the start" requires "immediate release." *Paposhvili*, 2026 WL 700054, at *6. But the Court found that the Government's conduct in *McAleenan* did not sufficiently mirror the conduct here to warrant immediate release rather than a bond hearing. *Id.* Therefore, the Court explained why Petitioner's

due process claim and Fourth Amendment claim did not alter the Court's finding that he was entitled only to a bond hearing—neither claim was "expressly left unresolved" as Petitioner suggests. Doc. 15 at 5.

The sentence Petitioner takes out of context from the Court's first order, coupled with Petitioner's neglect of pages 10–11, misconstrues the scope of the sentence. The sentence, "[t]he narrow issue of whether Petitioner's detention is governed by § 1225 or § 1226 *pending a decision on his removal* controls the outcome of this Petition," immediately follows the heading titled: "This opinion and the judgment should not be construed as addressing detention under 8 U.S.C. § 1231, if that provision becomes applicable." *Paposhvili*, 2026 WL 700054, at *6–7. Not only is this sentence taken from a section that cautions the parties from expanding the ruling to affect Petitioner's rights under a completely different section, 8 U.S.C. § 1231, but stating that an issue "controls the outcome" does not mean that other issues were "left entirely open." In fact, because the Court found that Petitioner did not meet his burden demonstrating that his due process and Fourth Amendment claims required immediate release rather than a bond hearing, the statutory issue controlled.

The Court finds that Petitioner's due process and Fourth Amendment claims were adjudicated on the merits in his first petition. Accordingly, Petitioner's due process claim brought in this Petition is successive and need not be addressed unless hearing the claim would serve the ends of justice.[2] *See Stanko*, 617 F.3d at 1270 ("[T]he Court interpreted § 2244 as merely codifying the judicially-developed principle that a court could decline to hear a claim that was both raised and adjudicated in an earlier petition." (citing *Sanders*, 373 U.S. at 11–12)).

---

[2] The Court notes that Petitioner's due process claim concerning the adequacy of his bond hearing is not successive or abusive as that was not, and could not have been, raised in his first petition.

**III.    The Court orders the parties to provide supplemental briefing and documentation.**

Given that the Court finds that Petitioner's first due process claim was denied on the merits and raised on the same grounds as his second due process claim, the Court may decline considering the claim unless hearing the claim would serve the ends of justice. *See Stanko*, 617 F.3d at 1269. Petitioner recently filed his Motion for Release (Doc. 16) which contained several documents and exhibits. Doc. 16 at 4–67. Until this point, neither party supplied the Court with any documents or exhibits pertaining to their arguments. Although the Court previously found that Petitioner failed to meet his burden demonstrating that his due process claim warranted release over a bond hearing, the Court is now in possession of documentation indicating that Petitioner's conditional parole has not been formally revoked. *See* Doc. 16 at 51. The Form I-220A provided by Petitioner demonstrates that an ICE official has not revoked his conditional parole. *See id.* Petitioner was released on recognizance on March 17, 2022, but the section indicating why, when, and who revoked his release is entirely blank. *Id.* Respondents have not argued that they have formally revoked Petitioner's conditional parole. *See* Doc. 13. In response to the first petition, Respondents argued that Petitioner was mandatorily detained under 8 U.S.C. § 1225(b)(2)(A), not that they have formally revoked his conditional parole under 8 U.S.C. § 1226(b). Thus, it appears that Petitioner is currently detained despite Respondents' failure to revoke his conditional parole.

Because Respondents have not had an opportunity to respond to the documentation put forth by Petitioner in his unsolicited Motion for Release, the Court directs the parties to provide supplemental briefing. The parties are directed to provide briefing and any relevant documentation addressing the following issues:

(1) Whether Petitioner's conditional parole has been formally revoked; and

(2) Whether the Court's consideration of Petitioner's due process claim, in light of the newly offered evidence, would serve the ends of justice.

## CONCLUSION

**IT IS THEREFORE ORDERED** that the parties provide supplemental briefing and documentation on the specified issues by **June 11, 2026**.


           /S/
           KEA W. RIGGS
           UNITED STATES DISTRICT JUDGE