**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ZURAB PAPOSHVILI,

        Petitioner,

        v.                                     Case No. 2:26-cv-00961-KWR-GJF

MARKWAYNE MULLIN, *Secretary of the Department*
*of Homeland Security*,
DORA CASTRO, *Warden of the Otero County Processing Center*,
MARY DE ANDA-YBARRA, *ICE Field Office Director, El Paso Field Office*,
TODD M. LYONS, *Acting Director of U.S. Immigration and Customs Enforcement*, and
TODD BLANCHE, *Acting Attorney General of the United States*,

        Respondents.

## <u>MEMORANDUM OPINION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS</u>

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (Doc. 1), Motion for Temporary Restraining Order (Doc. 3), Respondents' Motion to Dismiss (Doc. 13), Petitioner's *pro se* Motion for Release (Doc. 16), and Petitioner's *pro se* Motion for Medical Referral (Doc. 18). Having reviewed the parties' motions, exhibits, and the relevant law, the Court finds that Respondents' Motion to Dismiss (Doc. 13) is well taken, and therefore, is **GRANTED**.

### BACKGROUND

On February 11, 2026, Petitioner Zurab Paposhvili filed his first petition for a writ of habeas corpus and motion for temporary restraining order. Petition, *Paposhvili v. Noem*, No. 2:26-cv-00352-KWR-SCY, 2026 WL 700054, at *1 (D.N.M. Mar. 12, 2026); Motion for TRO, *Paposhvili*, 2026 WL 700054, at *1. The Court granted Petitioner's first petition in part and

ordered that Respondents provide him with an individualized bond hearing. *Paposhvili*, 2026 WL 700054, at *8. The Court entered a final judgment as to Petitioner's first petition. Judgment, *Paposhvili*, 2026 WL 700054, at *8. Petitioner was subsequently denied bond and filed this Petition which is presently before the Court. Doc. 1 at 5 (Second Petition). On May 8, 2026, Respondents filed their Motion to Dismiss (Doc. 13).

The Court gave Petitioner notice and an opportunity to respond as to why his due process claim should not be dismissed as an abuse of the writ. Doc. 14 (Notice and Opportunity to Respond). Upon reviewing Petitioner's response, the Court determined that this Petition is successive, rather than abusive, and ordered the parties to provide supplemental briefing on the issues of whether Petitioner's conditional parole had been properly revoked and whether considering the successive claim would serve the ends of justice. Doc. 17 at 2 (Order for Supplemental Briefing). Respondents provided documentation and argument on June 11, 2026. Doc. 19 (Respondents' Supplement). Petitioner provided further argument on June 18, 2026, after the Court granted him an extension. *See* Doc. 21 (Extension); Doc. 22 (Petitioner's Supplement).

## LEGAL STANDARDS

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). A federal court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A challenge to immigration detention is "properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## DISCUSSION

Before the Court is Petitioner's second petition for writ of habeas corpus in which he makes two arguments: (1) his due process rights were violated since his release was revoked in violation of due process; and (2) his due process rights were violated when the immigration judge failed to provide an individualized bond hearing. Doc. 1 at 5, 11. Petitioner submitted two motions, *pro se*, and the Court considered the evidence submitted in the first motion, but the Court warned Petitioner to proceed through his counsel moving forward. Doc. 17 at 3 n.1. The Court addresses the issues in turn.

## I.    <u>Petitioner's due process rights have not been violated.[1]</u>

Petitioner contends that his conditional parole was improperly revoked and that he did not receive a pre-deprivation hearing. Doc. 1 at 5–10; Doc. 22 at 1–3. Respondents argue that Petitioner's detention is proper given that he was served a Form I-200A, Warrant of Arrest and arrested. Doc. 19 at 2. The Court agrees.

Petitioner argues that his conditional parole was not properly revoked by any listed official in 8 C.F.R. § 236.1(c)(9) and the Order of Release on Recognizance has not been canceled. Doc. 22 at 2–3.

The plain text of 8 U.S.C. § 1226(a)–(b) provides the following:

(a) Arrest, detention, and release

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—

(1) may continue to detain the arrested alien; an

---

[1] Although the Court need not consider a successive habeas claim when doing so would not serve the ends of justice, the Court will do so here because the ends-of-justice inquiry is intertwined with the merits discussion. *See United States v. Miles*, 923 F.3d 798, 803 (10th Cir. 2019) (quoting *Stanko v. Davis*, 617 F.3d 1262, 1269 (10th Cir. 2010)).

(2) may release the alien on--

    (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or

    (B) conditional parole; but

(3) may not provide the alien with work authorization (including an "employment authorized" endorsement or other appropriate work permit), unless the alien is lawfully admitted for permanent residence or otherwise would (without regard to removal proceedings) be provided such authorization.

(b) Revocation of bond or parole

The Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien.

The relevant regulation Petitioner directs the Court to, 8 C.F.R. § 236.1(c)(9), provides:

When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

Section 236.1(c)(9) does require a listed official to revoke the conditional release. More importantly, the plain text of 8 U.S.C. § 1226(b) allows the Attorney General to "revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." Congress granted the Attorney General the authority to revoke, rearrest, and detain the noncitizen which indicates that some revocation must take place before the Attorney General rearrests and detains the noncitizen. This order finds support in the accompanying regulation which states that "release may be revoked at any time . . . in which event the alien may be taken into physical custody and detained." 8 C.F.R. § 236.1(c)(9). The phrase "in which event" indicates that some form of revocation must take place before the noncitizen may be rearrested and detained.

4

Thus, it follows that a noncitizen may not be rearrested under the original warrant and detained without some sort of revocation occurring. *See Singh v. Noem*, No. 2:26-cv-00427-KWR-KK, 2026 WL 766228, at *10 (D.N.M. Mar. 18, 2026).

However, here, Petitioner was not rearrested under the original warrant as authorized by 8 U.S.C. § 1226(b). Petitioner was arrested under a separate Form I-220A arrest warrant that was properly signed and served.[2] *See* Doc. 19-1 at 1 (Form I-200A). Revocation under § 1226(b) involves "rearrest . . . under the original warrant," but here, Petitioner was arrested "[o]n a warrant issued," not the original warrant. Thus, Petitioner was arrested and detained pursuant to § 1226(a), not § 1226(b).

The plain text of § 1226(a) states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Petitioner was properly served a Form I-220A and arrested and detained. *See* Doc. 19-1 at 1. There is nothing in the text of the statute that suggests the warrant cannot be handwritten as Petitioner suggests. *See* § 1226(a); Doc. 22 at 3. Further, even if Petitioner was apprehended "without any determination directed at revoking his Order of Release on Recognizance," apprehension without a determination is immaterial for two reasons. Doc. 22

---

[2] Section 236.1(c)(9) governs the procedures for revoking release under 8 U.S.C. § 1226(b). When a noncitizen is properly issued a warrant for arrest, the noncitizen "may be arrested and detained pending a decision on whether the alien is to be removed from the United States." § 1226(a). Here, Petitioner was served a signed, Form I-220A arrest warrant by a Supervisory Deputy Deportation Officer ("SDDO"). An SDDO is authorized to issue and serve arrest warrants, "[a]t the time of issuance of the notice to appear, or at any time thereafter," under 8 C.F.R. § 236.1(b)(1). *See* 8 C.F.R. § 287.5(e)(2)(xxxii) (listing supervisory detention and deportation officers as those with authority to issue arrest warrants); 8 C.F.R. § 287.5(e)(3)(vii) (listing supervisory and managerial personnel who are responsible for supervising the activities of deportation officers as those with authority to serve arrest warrants). Petitioner was served a notice to appear in 2022, and thus, his arrest pursuant to an arrest warrant is authorized by 8 C.F.R. § 236.1(b)(1) and § 1226(a). *See* Doc. 16 at 52 (Notice to Appear).

at 3. Petitioner was not arrested under the *original* warrant, so § 1226(a) applies here. And there is no indication that the plain text of § 1226(b), if it even applies here, requires any individualized hearing or determination prior to the revocation of conditional parole. *See* § 1226(b). The only requirement appears to be that the parole be revoked prior to re-detention. The Court finds that Petitioner was properly arrested and detained pursuant to 8 U.S.C. § 1226(a).

Accordingly, the Court finds that Petitioner's due process rights were not violated given that he was properly arrested, detained, and given a bond hearing pursuant to the procedures authorized by Congress. *See Sierra v. INS*, 258 F.3d 1213, 1218 (10th Cir. 2001).

**II.    The Court may not review the immigration judge's bond determination.**

Petitioner argues, alternatively, that the immigration judge did not provide Petitioner with a sufficiently individualized hearing that comports with due process. Doc. 1 at 11. Respondents contend that the Court does not have jurisdiction to review the bond proceeding. Doc. 13 at 5. The Court agrees, and to the extent that the Court can review the proceedings to ensure compliance with due process, the immigration judge did not violate due process.

The Court "retains jurisdiction to enforce its lawful judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *see also Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that a district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of 8 U.S.C. § 1226. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018). But the Court does not have jurisdiction to review an immigration judge's "discretionary and factual determinations." *Tobar v. Gonzales*, 200 F. App'x 796, 799 (10th Cir. 2006) (quoting *Ferry v.*

*Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006)). Under § 1226(e), "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention of any alien or the revocation or denial of bond or parole."

The Court has jurisdiction over the narrow issues of whether the hearing complied with the Court's order and whether the hearing was sufficiently individualized to satisfy Petitioner's due process rights. However, the Court may not review whether the immigration judge failed to appropriately consider evidence and factors relevant to Petitioner's bond determination, even if Petitioner recasts this concern as a constitutional issue. *See Tobar*, 200 F. App'x at 799.

To the extent the Court has jurisdiction to ensure that the bond hearing complied with due process, the Court finds that Petitioner's bond hearing was sufficiently individualized to comply with due process. The immigration judge denied bond and found that Petitioner was a flight risk and had a speculative form of relief—based on several considerations such as trips home and harms attributed to non-governmental individuals. Doc. 1-2 at 1. The Court will not consider whether the evidence was meaningfully or properly evaluated by the immigration judge. Doing so would run afoul of § 1226(e). *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1058 (9th Cir. 2008) (noting that "discretionary decisions [by an immigration judge] granting or denying bond are not subject to judicial review" (citing § 1226(e)). Further, the Tenth Circuit has found that challenging the immigration judge's weighing of the evidence under the guise of a due process claim would circumvent Congress's clear intent to eliminate judicial review. *See Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (10th Cir. 2001) (finding that a petitioner may not create jurisdiction "through the facile device of re-characterizing an alleged abuse of discretion as a 'due process' violation" (citation omitted)). The primary issue Petitioner presents is that he believes the immigration judge

did not properly consider the evidence and required factors.[3] *See* Doc. 1 at 11–12. The Court will not reconsider the discretionary decision of the immigration judge or reweigh the evidence Petitioner presents here.[4] *See Hafoka v. Sessions*, 734 F. App'x 565, 571 (10th Cir. 2018) (finding that jurisdiction-stripping statutes cannot be evaded by couching an otherwise unreviewable claim "under constitutional rhetoric").

Accordingly, the Court finds that, to the extent it has jurisdiction to review the constitutionality of the bond hearing, due process was not violated.

### III.  The Court will not consider Petitioner's *pro se* motions when he has counsel.

On June 5, 2026, Petitioner submitted a *pro se* request for a medical referral. Doc. 18. Petitioner has counsel, and the Court has already advised Petitioner that he should not be submitting motions *pro se* while he has active counsel on the case. *See* Doc. 17 at 3 n.1. There is no right to "a hybrid form of representation," *United States v. McKinley*, 58 F.3d 1475, 1480 (10th Cir. 1995), and courts need not consider *pro se* filings when the individual is represented by counsel, *see United States v. Bennett*, 539 F.2d 45, 49 (10th Cir. 1976) ("[P]ermission for [hybrid representation] [is] recognized as being discretionary with the trial court."). Thus, the Court will not consider Petitioner's *pro se* motion requesting a medical referral. When a petitioner has counsel, motions should be made by counsel. *See Lee v. Imperial Lending, LLC*, No. 06-cv-02388-ZLW-BNB, 2007 WL 3090800, at *1 (D. Colo. Oct. 18, 2007) ("Parties represented by counsel

---

[3] Petitioner also briefly raises the argument that his hearing violated due process because he was not provided an interpreter, and his native language is "Georgian and he is not fluent in English." Doc. 1 at 12. However, Petitioner admits that he "waived interpretation because the proceeding was expected to focus on the traditional custody factors of flight risk and danger to the community." *Id.* The Court cannot find a violation when Petitioner waived his right to an interpreter.

[4] The Court notes that Petitioner reserved his right to appeal the bond order of the immigration judge. Challenging the discretionary function of the immigration judge must follow the appropriate path.

may not file papers *pro se*."). Accordingly, Petitioner's *pro se* motion (Doc. 18) seeking medical referral is denied.

## CONCLUSION

In sum, the Court finds that Petitioner's due process rights were not violated when he was arrested, detained, or when he received his bond hearing. The Court also declines to consider Petitioner's *pro se* motion given that he is currently represented by counsel.

**IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (**Doc. 13**) is hereby **GRANTED** for reasons described in this Memorandum Opinion and Order.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**), Motion for Temporary Restraining Order (**Doc. 3**), *pro se* Motion for Release (**Doc. 16**), and *pro se* Motion for Medical Referral (**Doc. 18**) are hereby **DENIED** for reasons described in this Memorandum Opinion and Order.

_____/S/_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE

9